UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRYAN SEVEGNY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     C.A. No. 21-471-JJM-PAS |
| PATRICIA COYNE-FAGUE,<br>    Defendant. | :<br>:<br>:<br>: |

### REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States District Court Magistrate Judge.

*Pro se*[1] prisoner Bryan Sevegny has filed a civil action pursuant to 42 U.S.C. § 1983 against Patricia Coyne-Fague, the Director of the Rhode Island Department of Corrections ("RIDOC"), in her individual and official capacities. In the pleading, Plaintiff alleges that he attempted to brutally murder a correctional officer and then spit on and threatened to "slice" another. ECF No. 1 ¶¶ 15-21. The focus of Plaintiff's complaint is on the discipline that RIDOC imposed as a result of this conduct – 365 days in solitary confinement for each of two bookings. Id. at ¶ 33. He alleges that these sanctions were imposed pursuant to procedures that do not conform to the Morris Rules referenced in Paiva v. Rhode Island Dep't of Corr., 498 F. Supp. 3d 277, 287 (D.R.I. 2020); that these sanctions contravene holdings of the Rhode Island Superior Court that his mental health precludes him from being placed in extended solitary confinement; and that these sanctions violate his rights pursuant to the Eighth and Fourteenth Amendments of the United States Constitution. ECF No. 1 ¶¶ 34-38. For remedies, the complaint seeks the recovery of litigation costs and injunctive relief; specifically, Plaintiff asks the Court to order

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

that RIDOC must conform to the Morris Rules and expunge from his disciplinary record the two bookings resulting from his conduct.  Id. at ¶¶ 69-70.

Plaintiff accompanied his complaint with a request to proceed *in forma pauperis* ("IFP").  ECF No. 2.  He subsequently filed a copy of his prisoner trust fund account statement, which is required by 28 U.S.C. § 1915(a)(2).  ECF No. 3.  Plaintiff's IFP request has been referred to me; based on this referral, I am also required to screen his complaint.  See 28 U.S.C. §§ 1915(e)(2), 1915A.

## Legal Standard

"The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion."  Diaz v. Rhode Island, C.A. No. 21-208-JJM, 2021 WL 2000478, at *1 (D.R.I. May 19, 2021).  To state a claim on which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "In making this determination, the Court must accept a plaintiff[']s well-pled factual allegations as true and construe them in the light most favorable to him."  Diaz, 2021 WL 2000478, at *1.  "Section 1983 creates a remedy for violation of federal rights committed by persons acting under color of state law."  Sanchez v. Pereira-Castillo, 590 F.3d 31, 40 (1st Cir. 2009) (internal quotation marks omitted).  To maintain a § 1983 action, a plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief.  See Iqbal, 556 U.S. at 679.  "Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action."  Sanchez, 590 F.3d at 41 (citing 42 U.S.C. § 1983).

**Analysis**

Most of Plaintiff's pleading is focused on RIDOC's failure to comply with the Morris Rules in imposing discipline on him in August 2021.  Plaintiff's claim based on the Morris Rules fails to state a viable claim for relief.  As this Court held when Plaintiff made a similar claim in 2019, the Morris Rules cannot be enforced by an individual action "because inmates may not bring individual section 1983 actions for injunctive or declaratory relief which are based on consent decree violations."  Sevegny v. Coyne-Fague, 19-cv-498-MSM (Text Order of Sept. 11, 2020) (internal quotation marks omitted).  Further, although the Morris Rules were recently reinvigorated in Paiva, 498 F. Supp. 3d at 287, that order was immediately stayed.  Morris v. Travisano, 69-cv-4192-JJM, Stay Order of Feb. 7, 2020 (ECF No. 4).  The stay of the Morris Rules remains in full force and effect.  See id. (Text Order of Sept. 3, 2020).  And finally, "'the First Circuit found no state created liberty interest in the Morris Rules and therefore no right to enforce them in a damages action under federal law.'"  Tefft v. Coyne-Fague, C.A. No. 21-124-JJM, 2021 WL 5824331, at *2 (D.R.I. Dec. 8, 2021) (quoting Paiva, 498 F. Supp. 3d at 282 n.9).  As such, Plaintiff's complaint does not state a claim upon which relief can be granted as to his allegations under the Morris Rules.  See Tefft, 2021 WL 5824331, at *2

Plaintiff's secondary claim is so vaguely pled that the Court is unable to ascertain whether it is intended to be asserted as a separate cause of action.  In ¶¶ 37, 38 and 40 of his complaint, Plaintiff alludes to unspecified rulings of the "STATE'S SUPERIOR COURT," which he claims are known to Defendant in her official capacity, and which hold that he may not be held in long-term solitary confinement due to his mental illness.  However, the complaint contains nothing from which this Court can ascertain whether Plaintiff alleges that these rulings give rise to a separate cause of action or whether Plaintiff included these references to support

his claims under the Eighth and Fourteenth Amendments of the United States Constitution.  To the extent that these are intended as state law claims based on Defendant's defiance of state court orders, Plaintiff's pleading is subject to dismissal because it fails plausibly to articulate such claims.  However, because it is possible that a pleading with more factual information might be viable, my recommendation is that he be afforded an opportunity to replead so that he can more clearly state what he intends to claim, if anything, based on these state court decisions.

Plaintiff's final set of claims are based on the Eighth and Fourteenth Amendments.  He alleges that the imposition of a total of more than seven hundred days of solitary confinement for two nearly contemporaneous incidents on an individual with mental illness, has resulted and will continue to result in his being held in isolation for twenty-three hours a day with no access, *inter alia*, to work, rehabilitation, programing and religious services, as well as that it has and will continue to exacerbate his mental health conditions.  ECF No. 1 ¶¶ 40-45.

Other than his invocation of the Morris Rules, Plaintiff does not argue that this discipline was imposed pursuant to a constitutionally deficient process pursuant to the Fourteenth Amendment.  Therefore, he has not asserted a procedural due process claim.  Further, he has candidly admitted to having committed the extremely serious acts with which he was charged (although he quibbles with some of the details).  Therefore, the expungement of the bookings is not a plausible remedy in light of Plaintiff's admission to having engaged in conduct that clearly merited discipline.  However, Plaintiff's claim that he has been subjected to excessive punishment due to the length of time he has been placed in segregation may well amount to a deprivation in violation of the Eighth Amendment and/or the substantive due process protections afforded by the Fourteenth Amendment.[2]  Courts have recognized that "an extremely long

---

[2] Plaintiff's pleading suggests that he may be a pretrial detainee. ECF No. 1 ¶¶ 35, 43. If that is correct, his claim of excessive punishment implicates the Fourteenth Amendment's guarantee of substantive due process, not the Eighth

sentence of disciplinary confinement can be a significant factor in implicating a liberty interest." Tefft, 2021 WL 5824331, at *3 (citing Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005)). This is particularly true for an individual with mental illness. Diaz v. Wall, No. CV 17-94 WES, 2018 WL 1224457, at *7 (D.R.I. Mar. 8, 2018) (prisoner's rights under Eighth Amendment potentially violated by imposition of excessive and unduly harsh segregation on individual suffering from mental illness). For purposes of the pleading phase of a case, Plaintiff's allegation of more than seven hundred days in segregation is sufficient plausibly to allege that his right to be free of cruel and unusual punishment may have been violated. See Tefft, 2021 WL 5824331, at *6.

The problem is that an essential element of a viable claim under § 1983 is that the complaint must articulate a claim for relief (damages or injunctive relief) that is plausibly available from the defendants who are named. See Beltran-Ojeda v. Doe, No. CV 12-1287-PHX-DGC, 2012 WL 5363004, at *3 (D. Ariz. Oct. 31, 2012) (dismissing § 1983 complaint against an "improper defendant"). Here, Plaintiff only seeks enforcement of the Morris Rules, which is not a viable claim, and expungement of the bookings from his disciplinary record, which is not plausible in light of his admission to the serious charges that resulted in the bookings. Therefore, as presently articulated, Plaintiff's claim based on the length of time he has been placed in disciplinary segregation is subject to dismissal, although, if pled differently, it would likely state a viable cause of action. Accordingly, I recommend that Plaintiff be afforded an opportunity to replead this claim, with the caution that he must couple his claim with a clear

---

Amendment's prohibition on cruel and unusual punishment. Because the standards applicable to each are generally analogous, for ease of discussion, in the text, I refer to the more commonly referenced Eighth Amendment. See Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005) ("A pretrial detainee's claim that he has been subjected to unconstitutional conditions of confinement implicates Fourteenth Amendment liberty interests. The parameters of such an interest are coextensive with those of the Eighth Amendment's prohibition against cruel and unusual punishment.") (citing Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002)).

articulation of the remedy that he seeks against Defendant, in her individual and/or official capacity.

### Plaintiff's IFP Application

Whether he is a pretrial detainee or is serving a sentence, Plaintiff's IFP Application implicates the three-strike rule in the Prison Litigation Reform Act ("PLRA") at 28 U.S.C. § 1915(g). Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) ("Pretrial detainees are prisoners for purposes of the PLRA because they are in custody while accused of . . . violations of criminal law.") (internal quotation marks omitted). The three-strike rule prevents a prisoner from bringing a civil suit *in forma pauperis* if he has had three or more prior suits that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (pursuant to PLRA, dismissal – whether with or without prejudice – is a strike for purposes of three-strike rule). Prior to bringing this case, Plaintiff has had at least four civil action cases brought pursuant to § 1983 that were dismissed for failure to state a claim while he was "incarcerated or detained in any facility," some while he apparently was in custody at Eleanor Slater Hospital and one while he was in the custody of RIDOC.³ 28 U.S.C. § 1915(g).

---

³ The total number of cases dismissed for failure to state a claim is actually eight, but several cases were dismissed on the same day and one was dismissed after Plaintiff failed to replead or respond to a show cause order. Based on the principle of *pro se* leniency (viewing the same-day dismissals as a single strike and ignoring the case where Plaintiff had leave to replead but failed to do so), the following are the civil cases, grouped by the date on which they were dismissed, that appear to qualify as strikes under PLRA:

- Sevegny v. Eleanor Slater Hospital, 20-cv-00173-MSM, 20-cv-00174-MSM (D.R.I.), Text Orders of Aug. 28, 2020 (as to both cases, "[t]he Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted.").

- Sevegny v. Eleanor Slater Hospital, 20-cv-00084-MSM, 20-cv-00101-MSM, 20-cv-00102-MSM (D.R.I.), Text Orders of Apr. 6, 2020 (as to all three cases, "[t]he Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted.").

However, a prisoner subject to the three-strike rule may nevertheless qualify for *in forma pauperis* status if the claim falls into the exception to the rule – "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Based on the foregoing, before his IFP application is denied at screening, I recommend that Plaintiff be afforded the opportunity to replead in an attempt to plausibly allege that he is eligible either because he is not a three-striker under the PLRA or, despite his status as a three-striker, because he is under imminent danger of serious physical injury. See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004).

## Conclusion

Plaintiff does not have a claim under the Morris Rules; further, as presently crafted, his complaint fails plausibly to plead that he has a right to relief based on the holding in an unspecified Superior Court decision, although it is conceivable that he might have such a claim. However, viewing his allegation of cruel and unusual punishment through the lens of "the evolving standards of decency that mark the progress of a maturing society," Tefft, 2021 WL 5824331, at *6, Plaintiff may well have a plausible claim under the Eighth/Fourteenth Amendments based on the length of disciplinary confinement that was imposed. Nevertheless, the remedies as presently sought by his pleading are not plausible in that they are grounded in the Morris Rules and/or based on a right of expungement for discipline based on admittedly

---

- Sevegny v. Eleanor Slater Hospital, 19-cv-00654-MSM, Text Order of Jan. 6, 2020 (D.R.I.) ("The Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted.").

- Sevegny v. Rhode Island Department of Corrections, 13-cv-00721-JJM (D.R.I.), ECF No. 11 ("[T]his Court finds that [the Complaint] does not state a claim upon which relief may be granted and therefore [plaintiff's] Complaint is DISMISSED under 28 U.S.C. § 1915A.") (D.R.I. Nov. 22, 2013).

See also Sevegny v. Calise, 17-cv-00422-WES (D.R.I.), ECF No. 3 ("In its current form, the Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," with leave to amend); ECF No. 5 (following show cause order, "DISMISSED with prejudice for lack of compliance with the Court's . . . Order.") (D.R.I. Feb. 16, 2018).

sanctionable conduct.  Finally, if Plaintiff is found to be a three-striker, the Court can grant Plaintiff's IFP application only if he plausibly alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Based on these concerns, I recommend that Plaintiff be afforded thirty days from his receipt of the Court's adoption (if it is adopted) of this recommendation to file an amended complaint that addresses these deficiencies.  If he fails to do so, or if the amended pleading fails to state a claim or is otherwise still deficient, I recommend that this case be dismissed and the IFP motion be denied as moot.  Similarly, if the amended pleading fails to establish that he is eligible for *in forma pauperis* status, I recommend that the Court order that he must pay the filing fee before the case can proceed.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 21, 2021